UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOSE T. VASQUEZ, | ) | |
| | ) | |
| Address:  6520 Rosalie Lane | ) | |
| Riverdale, MD 20737 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. _____ |
| COUNTY OF WILL, ILLINOIS; | ) | |
| | ) | |
| Address:  Office of Will County Clerk | ) | |
| 302 North Chicago Street | ) | |
| Joliet, IL 60432 | ) | |
| | ) | |
| CITY OF JOLIET, ILLINOIS; | ) | |
| | ) | |
| Address:  City Clerk's Office | ) | |
| 150 W. Jefferson Street | ) | |
| Joliet, IL 60432 | ) | |
| | ) | |
| JOHN DOE, individually and in | ) | |
| capacity as an employee of the | ) | |
| Will County Sheriff's Office and/or Joliet | ) | |
| Police Department; | ) | |
| | ) | |
| Address: Unknown | ) | |
| | ) | |
| DISTRICT OF COLUMBIA; | ) | |
| | ) | |
| Address: Office of the Mayor | ) | |
| 1350 Pennsylvania Ave NW | ) | |
| Washington, DC 20004 | ) | |
| | ) | |
| TERENCE SUTTON, individually and in | ) | **JURY TRIAL DEMANDED** |
| his capacity as a police officer; | ) | |
| | ) | |
| Address:  Metropolitan Police Department | ) | |
| 300 Indiana Ave NW, Room 5059 | ) | |
| Washington, DC 20001 | ) | |
| (Residential Address Unknown) | ) | |
| | ) | |
| OFFICER COLE, JR., individually and in | ) | |

1

his capacity as a police officer;                    )
                                                     )
        Address:  Metropolitan Police Department     )
                  300 Indiana Ave NW, Room 5059      )
                  Washington, DC 20001               )
        (Residential Address Unknown)                )
                                                     )
LEROY HOLLINS, individually and in                   )
his capacity as a police officer;                    )
                                                     )
        Address:  Metropolitan Police Department     )
                  300 Indiana Ave NW, Room 5059      )
                  Washington, DC 20001               )
        (Residential Address Unknown)                )
                                                     )
JOSEPH SANFORD, individual and in his capacity )
as a U.S. Secret Service officer,                    )
                                                     )
        Address:  1100 L Street, NW, #6000           )
                  Washington, DC 20005               )
        (Residential Address Unknown)                )
                                                     )
        Defendants.                                  )

## COMPLAINT

COMES NOW Plaintiff Jose T. Vasquez, by Counsel, and moves this Court to enter

judgment, jointly and severally, against Defendants Will County, Illinois; John Doe, individually

and in his capacity as a LEADS operator and/or employee for the Will County Sheriff's Office

and/or Joliet Police Department; the District of Columbia; and Officers Terence Sutton, Cole, Jr.,

and Leroy Hollings of the District of Columbia Metropolitan Police Department in the manner and

for the reasons set forth below:

### PARTIES

1.      Jose T. Vasquez ("Plaintiff") is a resident of the State of Maryland and is over the

age of eighteen (18).

2.      Defendant County of Will, Illinois, is a municipal corporation under the laws of the County of Will. Upon information and belief, it is authorized under the laws of the State of Illinois to maintain the Will County Sheriff's Department. The County is a person within the meaning of 42 U.S.C. § 1983. Upon information and belief, the Will County Sheriff's Office was established as part of the County, and not as a separate legal entity, thereby making any of its actions or omissions attributable to the County.

3.      Defendant City of Joliet, Illinois, is a municipal corporation under the laws of the City of Will and/or the County of Joliet. Upon information and belief, it is authorized under the laws of the State of Illinois to maintain the Joliet Police Department. The City is a person within the meaning of 42 U.S.C. 1983. Upon information and belief, the Joliet Police Department was established as part of the City, and not as a separate legal entity, thereby making any of its actions or omissions attributable to the City.

4.      Upon information and belief, Defendant John Doe is a resident of Illinois and is over the age of eighteen (18). At all times material hereto, said Defendant was a LEADS operator and/or employee of the Will County Sheriff's Office, Joliet Police Department, and/or an affiliating agency. Defendant's true identity is currently unknown to Plaintiff, and Plaintiff reserves the right to amend this Complaint to name him as a defendant as soon as his identity is ascertained.

5.      Defendant, District of Columbia, is a municipal corporation of the local government of Washington, D.C., and operates and governs the Metropolitan Police Department (MPD) pursuant to the laws of the District of Columbia. In this case, the District of Columbia acted through its agents and employees, including Defendant Officers Terence Sutton, Cole, Jr., and Leroy Hollins.

6.      Upon information and belief, Defendants Sutton, Cole, Jr., and Hollins are residents of the District of Columbia. At all times material hereto, said Defendants were police officers and/or employees of the MPD. All are being sued in both their individual capacities and their capacities as police officers and/or employees of the MPD.

7.      Upon information and belief, Defendant Joseph Sanford is a resident of the District of Columbia. At all materials hereto, said Defendant was a U.S. Secret Service officer and/or office of the U.S. Secret Service or U.S. federal government. He is being sued in his individual capacity and his capacity as a U.S. Secret Service officer and/or employee of the federal government.

## STATEMENT OF JURISDICTIONAL GROUNDS

8.      Upon information and belief, this Court has original diversity jurisdiction over Plaintiff's lawsuit pursuant to 28 U.S.C. § 1332, which states that federal district courts have original jurisdiction over lawsuits where there is (i) complete diversity between parties and (ii) the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. In this case, with respect to (i), and upon information and belief, the citizenship of Plaintiff is completely diverse from the citizenship of Defendants. Plaintiff maintains his residence in Maryland, while Defendants maintain their principal addresses in Illinois and the District of Columbia. With respect to (ii), the amount in controversy well exceeds the requisite $75,000.00, exclusive of interest and costs, as Plaintiff has sued Defendants for $750,000.

9.      The Court also has original jurisdiction of Plaintiff's lawsuit pursuant to 28 U.S.C. § 1331, as this action seeks redress for the violation of Plaintiff's constitutional rights. Plaintiff is also able to invoke this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any and all state law claims, as they are part of the same case or controversy as his federal claims.

10.     On August 10, 2017, the Plaintiff, pursuant to D.C. Code § 12-309 provided written notice to Defendant District of Columbia of his intent to sue based on this incident which is the basis of this Complaint.

11.     Plaintiff thus hereby affirmatively pleads this Court's original diversity and federal question jurisdiction over this lawsuit.

<u>VENUE</u>

12.     Venue is proper in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and the injuries giving rise to the claim occurred in the District of Columbia.

<u>STATEMENT OF FACTS</u>

13.     On July 5, 1979, the Will County Circuit Court, based on the complaint of a Larry B. Knott, executed a Criminal Complaint and Warrant of Arrest against another Jose Vasquez (i.e., not the Plaintiff) for the murder of a Jose Luna. Two weeks later, the Circuit Court formally opened the criminal case against this Jose Vasquez on the charge of murder. The listed offense date was July 3, 1979, and the case was styled *Illinois v. Jose Vasquez*, Case No. 1979CF000317. The defendant's listed address was 366 North Broadway, Joliet, IL 60435. Upon information and belief, at all times thereafter and still to date, the case has remained open and the defendant has remained at large.

14.     On March 22, 1996, Will County Circuit Court issued a warrant based on the defendant's failure to appear. The warrant noted the defendant's SSN as 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; his height as 5'6"; his weight as 140 pounds; his eye color as brown; his date of birth as August 25, 1957; and his driver's license as V220-4205-7242.

15.     Upon information and belief, on or around June 12, 2003, the Will County Sheriff's Department and/or Joliet Police Department entered information for the 1979 arrest warrant into the Law Enforcement Agencies Data System ("LEADS").   The offense was listed as "HOMOCIDE - WILLFUL KILL-WEAPON." In line with the 1996 Warrant of Arrest, the LEADS entry noted the defendant's SSN as 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; his height as 5'7"; his weight as 145 pounds; his eye and hair color as brown; and his driver's license number as V220-4205-7242. Upon information and belief, this data was made accessible to law enforcement authorities nationwide through the National Crime Information Center ("NCIC").

16.     The Will County Circuit Court conducted warrant reviews in 2003, 2005, 2006, 2007, 2009, 2010, 2011, 2012, 2013, and 2015. During the court's 2005 warrant review on June 21, it ordered that the warrant be quashed and that a new warrant be issued. That same day, it issued a new warrant of arrest, which notably failed to list a SSN, driver's license number, height, weight, or eye color for the defendant, instead simply listing the suspect's name and DOB.

17.     Just two months later, in or around August of 2005, Plaintiff was arrested in Prince George's County, Maryland, on the Illinois warrant and/or NCIC/LEADS entry, ostensibly due to the fact that he has the same name and DOB as the homicide suspect.  Upon information and belief, Plaintiff was arrested on one or more other occasions between said arrest and the two arrests described below that gave rise to this litigation.

18.     Upon information and belief, at some point in time subsequent to the August 2005 arrest, a note was added to the miscellaneous field of the LEADS record stating, "DO NOT DETAIN A VASQUEZ, JOSE 08-25-57 SS ***-**-8472  . . . THIS IS NOT SUSPECT."

19.     On April 13, 2016, the Will County Sheriff's Department, Joliet Police Department, and/or John Doe attempted to enter and/or update the information regarding the 2005 warrant into

LEADS. The offense was listed as "FAILURE TO APPEAR," with the original offense noted in the Original Offence Code ("OCC") field: "HOMOCIDE – WILLFUL KILL-WEAPON." Erroneously, however, Will County Sheriff's Department, Joliet Police Department, and/or John Doe entered Plaintiff's SSN into the entry for the 2005 warrant instead of the homicide suspect's SSN. Therefore, upon information and belief, agencies or officers then conducting an NCIC search for a person named Jose Vasquez with a SSN ending in 8472 would notice two conflicting "hits" issuing out of Joliet, Illinois: the information for an original 1979 homicide warrant with a note **not** to detain Plaintiff alongside of an erroneous entry for a 2005 failure to appear warrant containing Plaintiff's SSN. Upon information and belief, however, both hits included this instruction: "IMMED[EDIATELY] CONFIRM WARRANT AND EDXTRADITION WITH ORI" and "ORI IS WILL CO SO JOLIET 815 727-8575." [A copy of the NCIC and/or LEADS printout is attached hereto as Exhibit A].

20.     On October 23, 2016, at approximately 10:35 p.m., Officer Terence Sutton of the MPD reportedly observed Plaintiff driving southbound on the 5400 block of Georgia Ave NW in a vehicle without running headlights. Officer Sutton then reportedly initiated a traffic stop in front of 5415 Georgia Ave NW and requested and obtained Plaintiff's driver's license and registration before conducting an NCIC query. The driver's license reportedly came back as "valid," but a search for criminal status "revealed that [Plaintiff] failed to appear in reference to homicide in Joliet, Illinois." Despite noting in his Report that "[t]he warrant is held by Will County Sheriff's Office," Officer Sutton simply "confirmed" the 2005 warrant "with the Fourth District Dispatcher" before arresting Plaintiff for "Fugitive from Justice" and transporting him to the Fourth District Station. Upon information and belief, Officer Sutton failed to adhere to the instruction plainly contained in both of the NCIC hits—to confirm the warrant with Will County.

21.     The next day, on October 24, an Officer Cole Jr. of the MPD Fugitive Unit executed an Affidavit in Support of the Arrest Warrant, stating therein that he "verified [the warrant] . . . through an NCIC/WALES check, advising that the warrant is active and that they will extradite." Upon information and belief, Officer Cole, too, failed to confirm the warrant with Will County.

22.     Based upon the erroneous NCIC information, the government papered a fugitive case and the D.C. Superior Court issued a warrant for Plaintiff's arrest and presentment.

23.     After arraignment on October 24, the court ordered that Plaintiff be detained in jail pending an extradition hearing and his custodial return to Illinois. Subsequently, a bond hearing was set for November 2, 2016. On November 2, the hearing was continued so Assistant United States Attorney ("AUSA") Robert "Little [could] look into a photograph of the person wanted in the demanding jurisdiction [after] Defense Counsel made representation that it was a mistaken identity."

24.     Upon information and belief, following the hearing, U.S. Attorney Little, or someone acting on his behalf, contacted Will County and/or the City of Joliet for the first time and discovered that Plaintiff was not the suspect named in the Illinois warrant.

25.     On November 3, 2016, the government filed a Motion to Dismiss the charges after prosecuting authorities in Illinois confirmed that Plaintiff was not the suspect. More specifically, the government's Motion read, "Prosecuting Authorities in Joliet, Illinois confirmed that the defendant is not the wanted person and declined to extradite the defendant."

26.     The court granted the Motion and dismissed the charges against Plaintiff the same day. The Release Authorization Form stated that an NCIC check was conducted on Plaintiff with negative results.

27.     As a result of his arrest and/or subsequent twelve-day incarceration, Plaintiff lost his job at RPM Italian restaurant in Washington, DC.

28.     Upon information and belief, the Will County Sheriff's Department, Joliet Police Department, and John Doe failed to update the LEADS system or otherwise take any action to prevent a similar incident from happening again in the future.

29.     Plaintiff's next arrest occurred exactly four (4) months after his release. On March 3, 2017, at approximately 9:10 a.m., U.S. Secret Service Officer Joseph Sanford reportedly observed Plaintiff driving northbound on 15th Street NW in a vehicle with a non-working driver's side brake light. After the vehicle turned westbound onto I Street, the officer reportedly initiated a traffic stop in front of or near 1575 I Street NW. The officer obtained Plaintiff's driver's license and reportedly requested a name check from the Joint Operations Center which came back with a felony warrant out of Illinois supposedly for Plaintiff.

30.     The officer attempted to place Plaintiff under arrest for "Fugitive from Justice." Despite Plaintiff's earnest attempts to explain, the officer continued to try to arrest Plaintiff, eventually forcibly taking Plaintiff to the ground, causing injuries to Plaintiff's neck and shoulder.

31.     Aware of Plaintiff's injuries and/or pain, the officer requested an ambulance, which arrived and immediately transported Plaintiff to George Washington Hospital for treatment. After receiving emergency room care, Plaintiff was transported to the MPD Second District Station and again detained.

32.     On March 4, as Plaintiff remained in custody, Officer Leroy Rollins of the MPD Fugitive Unit executed an Affidavit swearing, just as Officer Cole had done in October, that he had verified the Warrant through an NCIC/WALES check. Based upon the same flawed NCIC

information, the government again papered a fugitive case and the D.C. Superior Court issued another warrant for Plaintiff's arrest and presentment.

33.     At approximately 1:00 p.m. on March 4, Mr. Plaintiff appeared for his arraignment. Defense counsel pointed out that just four (4) months earlier, the MPD had arrested Plaintiff based on the same flawed NCIC hit, and the government had determined that the warrant was not for Plaintiff. The government then dismissed the charges.

## COUNT I
### 42 U.S.C. § 1983 – *Monell* Claim
### (Against County of Will and City of Joliet)

34.     The allegations contained in paragraphs 1–33 are hereby incorporated into Count I as if fully set forth herein.

35.     At all times material hereto, Defendants County of Will and City of Joliet, acting by and through the Will County Sheriff's Office and Joliet Police Department respectively, developed, implemented, enforced, encouraged, and/or sanctioned policies, practices, and/or customs exhibiting deliberate indifference to Plaintiff's constitutional rights, including his right to be free from arbitrary arrests.

36.     The County of Will and City of Joliet further failed to adequately train and supervise their LEADS operators, including the individual defendant, resulting in a failure to cross check and update records to ensure accuracy.

37.     The County of Will and/or City of Joliet subsequently conducted warrant reviews almost every year between 2006 and the present. In fact, in 2008, Will County Circuit Court ordered that the warrant be updated to include additional identifiers. As evidenced by the 1996 warrant, the County of Will and/or City of Joliet possessed additional identifiers, including the suspect's SSN, physical description, and driver's license number.

38.     Despite this, the County of Will and/or City of Joliet never updated the warrant to include any other descriptors for the actual Jose Vasquez sought for murder. Had it simply included his SSN, as it had done in the 1996 warrant, Plaintiff would have never been arrested.

39.     Specifically, it is reasonable to infer that (i) the inadequacy of the identifiers in the murder suspect's "failure to appear" warrant, despite readily available identifiers from previous warrants and seven different warrant reviews, and (ii) the failure to correct a blatant error that remained in LEADS for no less than eleven months, were systemic in nature, resulting from a lack of adequate training, a failure to adopt a careful program of data verification, and/or other inadequate procedures followed by the County of Will's and/or the City of Joliet's law enforcement agencies.

40.     As a direct and proximate result of the acts stated herein by said Defendant, Plaintiff's constitutional rights were violated. Specifically, Plaintiff was twice deprived of his constitutionally protected liberty interest without due process of law, being twice arrested arbitrarily on the sole basis of a constitutionally infirm NCIC record.

41.     The deprivation of Plaintiff's constitutional rights has caused him to suffer pain, mental anguish, embarrassment and humiliation, and loss of enjoyment of life, and has caused him to suffer lost wages and/or diminished earnings capacity, among other things.

## COUNT II
Statutory and/or Common Law Negligent Mishandling of Criminal Record
(Against County of Will, City of Joliet, and John Doe)

42.     The allegations contained in paragraph 1–41 are hereby incorporated into Count II as if fully set forth herein.

43.     Under Illinois law, law enforcement agencies have a duty to ensure the accuracy of criminal information in LEADS. 20 Ill. Admin. Code § 1240.60(a)(5). State law requires cross-

checks to ensure that the information in LEADS matches the information from the warrant. *Id.* Further, state law requires that when an error is discovered, the agency must correct the inaccuracy "no later than the end of the shift or work period during which notification is received." *Id.*

44.     Defendants County of Will, City of Joliet, and John Doe violated this duty when they (i) created or allowed the entry of warrant information into LEADS that contained the wrong individual's SSN, and (ii) failed to correct the misinformation after our Plaintiff's first arrest, allowing it to remain in NCIC for approximately eleven (11) months.

45.     Defendants were further negligent by failing to have systems or structures in place that would guard against the mishandling of such information, failing to adequately supervise or train its employees as to how to use LEADS and/or NCIC, and/or failing to enter additional identifiers of the actual suspect into the NCIC/LEADS entry at issue to guard against wrongful arrests such as the ones at issue in this case.

46.     As a direct and proximate result of the Defendants' negligent mishandling of Plaintiff's criminal information, Plaintiff suffered at least two (2) false arrests and imprisonments. Both arrests caused our client humiliation, mental suffering, and injury to his reputation. More specifically, the first arrest resulted in twelve (12) days in jail, causing Plaintiff to lose his employment and earnings. The second arrest resulted in physical injuries that required an emergency room visit.

## COUNT III
### False Arrest/Imprisonment for October 2016 Arrest under 42 U.S.C. § 1983 and Common Law
(Against District of Columbia and MPD Officers Sutton and Cole, Jr.)

47.     The allegations contained in paragraphs 1–46 are incorporated into Count III as if fully set forth herein.

48. The Fourth Amendment to the United States Constitution and D.C. Common Law prohibits unreasonable searches and seizures. Persons violating the Fourth Amendment under the color of state law are liable at law and in equity under 42 U.S.C. § 1983.

49. The Defendants violated Plaintiff's Fourth Amendment rights by arresting Plaintiff without either probable cause or belief, reasonable and in good faith, that probable cause existed. An unverified NCIC hit does not provide probable cause for an arrest. *See* NCIC 2000 Operating Manual, 5.9 Procedures for Handling a Hit ("the agency must contact the ORI [Originating Agency Identifier] of the record possibly identical with the person in question to confirm the record information prior to taking official action based on the record information"); *see also* https://www.fbi.gov/services/cjis/ncic ("a positive response from NCIC is not probable cause for an officer to take action. NCIC policy requires the inquiring agency to make contact with the entering agency to verify the information is accurate and up-to-date"). Further, the specific NCIC record for the 2005 warrant explicitly stated, "IMMED[EDIATELY] CONFIRM WARRANT AND EXTRADITION WITH ORI" and "ORI IS WILL CO SO JOLIET 815 727-8575." The Defendants shirked their responsibility—under both NCIC policy and express language of the NCIC hit—and did not have probable cause to effectuate an arrest of Plaintiff or issue the Affidavit in Support of the Arrest.

50. Although the record for the 2005 warrant contained Plaintiff's SSN, the very next record for the original offense contained a different SSN with a note containing Plaintiff's SSN and stating, "DO NOT DETAIN A VASQUEZ, JOSE . . . . THIS IS NOT SUSPECT." A blatant error such as this in the NCIC record did not provide an objectively reasonable belief in probable cause needed to justify an arrest. At the very least, this discrepancy should have raised an alarm

and prompted the MPD officers to conduct a more thorough investigation with the originating

agency before arresting and detaining Plaintiff as a fugitive from justice.

51.     As a direct and proximate result of Defendants' unlawful actions in this regard,

Plaintiff has suffered and will continue to suffer pain, mental anguish, embarrassment and

humiliation, and loss of enjoyment of life; and has sustained and will continue to sustain lost wages

and/or diminished earnings capacity; among other things.

52.     Plaintiff also requests an award of punitive damages based on Defendants'

misconduct or actual malice, or such recklessness or negligence so as to evidence a conscious

disregard of Plaintiff's rights.

COUNT IV

False Arrest/Imprisonment for March 2016 Arrest under 42 U.S.C. § 1983 and Common Law
(Against District of Columbia, MPD Officer Hollins, and Secret Service Officer Sanford)

53.     The allegations contained in paragraphs 1–52 are incorporated into Count IV as if

fully set forth herein.

54.     The Fourth Amendment to the United States Constitution and D.C. Common Law

prohibits unreasonable searches and seizures.  Persons violating the Fourth Amendment under the

color of state law are liable at law and in equity under 42 U.S.C. § 1983.

55.     The Defendants violated Plaintiff's Fourth Amendment rights by arresting Plaintiff

without either probable cause or belief, reasonable and in good faith, that probable cause existed.

An unverified NCIC hit "is not reasonably trustworthy information" and does not provide probable

cause for an arrest. *See* NCIC 2000 Operating Manual, 5.9 Procedures for Handling a Hit ("the

agency must contact the ORI [Originating Agency Identifier] of the record possibly identical with

the person in question to confirm the record information prior to taking official action based on

the record information"); *see also* https://www.fbi.gov/services/cjis/ncic ("a positive response

from NCIC is not probable cause for an officer to take action. NCIC policy requires the inquiring agency to make contact with the entering agency to verify the information is accurate and up-to-date"). Further, the specific NCIC record for the 2005 warrant explicitly stated, "IMMED[EDIATELY] CONFIRM WARRANT AND EXTRADITION WITH ORI" and "ORI IS WILL CO SO JOLIET 815 727-8575." The Defendants shirked their responsibility—under both NCIC policy and express language of the NCIC hit—and did not have probable cause to effectuate an arrest of Plaintiff or issue the Affidavit in Support of the Arrest.

56.     Although the record for the 2005 warrant contained Plaintiff's SSN, the very next record for the original offense contained a different SSN with a note containing Plaintiff's SSN and stating, "DO NOT DETAIN A VASQUEZ, JOSE . . . . THIS IS NOT SUSPECT." A blatant error such as this in the NCIC record did not provide an objectively reasonable belief in probable cause needed to justify an arrest. At the very least, this discrepancy should have raised an alarm and prompted the MPD officers to conduct a more thorough investigation with the originating agency before arresting and detaining Plaintiff as a fugitive from justice. The conduct of the MPD was especially egregious since Plaintiff had been exonerated just four (4) months prior and had been released with a supposedly clean NCIC record.

57.     As a direct and proximate result of Defendants' unlawful actions in this regard, Plaintiff has suffered and will continue to suffer pain, mental anguish, embarrassment and humiliation, and loss of enjoyment of life; and has sustained and will continue to sustain lost wages and/or diminished earnings capacity; among other things.

58.     Plaintiff also requests an award of punitive damages based on Defendants' misconduct or actual malice, or such recklessness or negligence so as to evidence a conscious disregard of Plaintiff's rights.

<u>COUNT V</u>
42 U.S.C. § 1983 – Malicious Prosecution for October 2016 Arrest
(Against District of Columbia and MPD Officers Sutton and Cole, Jr.)

59.     The allegations contained in paragraphs 1–58 are incorporated into Count V as if fully set forth herein.

60.     The Fourth Amendment's protection against unreasonable searches and seizures incorporates a right to be free from malicious prosecution.

61.     Defendants maliciously caused a seizure of Plaintiff pursuant to legal process unsupported by probable cause, and the ensuing criminal proceedings terminated in Plaintiff's favor.

62.     A reasonable person in Defendants' position would have known that the facts and circumstances were insufficient to justify a reasonable belief that Plaintiff had committed any offense.

63.     At all times material hereto, Defendants were acting under the color of state law.

64.     As a direct and proximate result of Defendants' unlawful actions in this regard, Plaintiff has suffered a loss of liberty; has suffered and will continue to suffer pain, mental anguish, embarrassment and humiliation, and loss of enjoyment of life; and has sustained and will continue to sustain lost wages and/or diminished earnings capacity; among other things.

65.     Plaintiff also requests an award of punitive damages based on Defendants' misconduct or actual malice, or such recklessness or negligence so as to evidence a conscious disregard of Plaintiff's rights.

<u>COUNT VI</u>
42 U.S.C. § 1983 – Malicious Prosecution for March 2016 Arrest
(Against District of Columbia, MPD Officer Hollins, and Secret Service Officer Sanford)

66.     The allegations contained in paragraphs 1–65 are incorporated into Count VI as if fully set forth herein.

67.     The Fourth Amendment's protection against unreasonable searches and seizures incorporates a right to be free from malicious prosecution.

68.     Defendants maliciously caused a seizure of Plaintiff pursuant to legal process unsupported by probable cause, and the ensuing criminal proceedings terminated in Plaintiff's favor.

69.     A reasonable person in Defendants' position would have known that the facts and circumstances were insufficient to justify a reasonable belief that Plaintiff had committed any offense, especially being that the case against him for the same offense had been dismissed exactly four (4) months prior.

70.     At all times material hereto, Defendants were acting under the color of state law.

71.     As a direct and proximate result of Defendants' unlawful actions in this regard, Plaintiff has suffered a loss of liberty; has suffered and will continue to suffer pain, mental anguish, embarrassment and humiliation, and loss of enjoyment of life; and has sustained and will continue to sustain lost wages and/or diminished earnings capacity; among other things.

72.     Plaintiff also requests an award of punitive damages based on Defendants' misconduct or actual malice, or such recklessness or negligence so as to evidence a conscious disregard of Plaintiff's rights.

COUNT VII
Common Law Malicious Prosecution for October 2016 Arrest
(Against District of Columbia and MPD Officers Sutton and Cole, Jr.)

73.     The allegations contained in paragraphs 1–72 are incorporated into Count VII as if fully set forth herein.

74.     Defendants maliciously instituted a suit against Plaintiff unsupported by probable cause, and the ensuing criminal proceedings terminated in Plaintiff's favor.

75.     A reasonable person in Defendants' position would have known that the facts and circumstances were insufficient to justify a reasonable belief that Plaintiff had committed any offense.

76.     At all times material hereto, Defendants were acting under the color of state law.

77.     Defendants acted with malice as, over and against NCIC and FBI policy, and in blatant disregard of the instruction on the NCIC hit, they failed to contact the County of Will or City of Joliet before instituting legal proceedings against Plaintiff.

78.     As a direct and proximate result of Defendants' unlawful actions in this regard, Plaintiff has suffered a loss of liberty; has suffered and will continue to suffer pain, mental anguish, embarrassment and humiliation, and loss of enjoyment of life; and has sustained and will continue to sustain lost wages and/or diminished earnings capacity; among other things. One or more of these losses constitute special injury.

79.     Plaintiff also requests an award of punitive damages based on Defendants' misconduct or actual malice, or such recklessness or negligence so as to evidence a conscious disregard of Plaintiff's rights.

<u>COUNT VIII</u>
Common Law Malicious Prosecution for March 2017 Arrest
(Against District of Columbia, MPD Officer Hollins, and Secret Service Officer Sanford)

80.     The allegations contained in paragraphs 1–78 are incorporated into Count VIII as if fully set forth herein.

81.     Defendants maliciously instituted a suit against Plaintiff unsupported by probable cause, and the ensuing criminal proceedings terminated in Plaintiff's favor.

82.     A reasonable person in Defendants' position would have known that the facts and circumstances were insufficient to justify a reasonable belief that Plaintiff had committed any offense.

83.     At all times material hereto, Defendants were acting under the color of state law.

84.     Defendants acted with malice as, over and against NCIC and FBI policy, and in blatant disregard of the instruction on the NCIC hit, they failed to contact the County of Will or City of Joliet before instituting legal proceedings against Plaintiff.

85.     As a direct and proximate result of Defendants' unlawful actions in this regard, Plaintiff has suffered a loss of liberty; has suffered and will continue to suffer pain, mental anguish, embarrassment and humiliation, and loss of enjoyment of life; has incurred and may continue to incur medical expenses; and has sustained and will continue to sustain lost wages and/or diminished earnings capacity; among other things. One or more of these injuries constitute special injury.

86.     Plaintiff also requests an award of punitive damages based on Defendants' misconduct or actual malice, or such recklessness or negligence so as to evidence a conscious disregard of Plaintiff's rights.

## COUNT IX
42 U.S.C. § 1983 – Excessive Force
(Against Secret Service Officer Sanford)

87.     The allegations contained in paragraphs 1–88 are hereby incorporated into Count IX as if fully set forth herein.

88.     The Fourth Amendment's protection against unreasonable searches and seizures incorporates a right to be free from unreasonable seizure through excessive force.

89.     At all times material hereto, Defendant was acting under the color of state law.

90.     Defendant Sanford's actions and use of force, as described herein, were objectively unreasonably in light of the facts and circumstances conforming him and violated this Fourth Amendment right of Plaintiff.

91.     Defendant Sanford's actions and use of force, as described herein, was also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights.

92.     This force used caused serious bodily injury to Plaintiff, requiring immediate emergency room care.

93.     As a direct and proximate result of Defendants' unlawful actions in this regard, Plaintiff has suffered and will continue to suffer pain, mental anguish, embarrassment and humiliation, and loss of enjoyment of life; and has sustained and will continue to sustain lost wages and/or diminished earnings capacity; among other things.

94.     Plaintiff also requests an award of punitive damages based on Defendants' misconduct or actual malice, or such recklessness or negligence so as to evidence a conscious disregard of Plaintiff's rights.

<u>COUNT X</u>
42 U.S.C. § 1983 – *Monell* Claim
(Against District of Columbia)

95.     The allegations contained in paragraphs 1–94 are hereby incorporated into Count X as if fully set forth herein.

96.     At all times material hereto, the District of Columbia, by and through the Metropolitan Police Department, developed, implemented, enforced, encouraged, and/or sanctioned policies, practices, and/or customs exhibiting deliberate indifference to Plaintiff's constitutional rights, including to be free from unreasonable searches and seizures, racial discrimination and profiling, and/or arrest quotas, among possibly other things.

97.     The District of Columbia further failed to adequately supervise and train their officers, including the individual defendants, thereby failing to adequately discourage further constitutional violations on their parts, and to properly and adequately monitor and discipline its officers, including the individual defendants.

98.     More specifically, upon information and belief, the District developed, implemented, enforced, encouraged, and/or sanctioned the policies, practices, and/or customs of failing to verify or confirm the existence and specifics of out-of-state warrants, as it did on both occasions in this case, before either effectuating arrests and papering criminal cases against arrestees. This wrongful pattern and practice is in direct contravention to the NCIC's and FBI's policies noted above.

99.     The District of Columbia's unlawful actions were done willfully, knowingly, and with specific intent to deprive Plaintiff of his constitutional rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

100.     As a direct and proximate result of the acts stated herein by said Defendants, Plaintiff's constitutional rights have been violated, which has caused him to suffer pain, mental anguish, embarrassment and humiliation, and loss of enjoyment of life, and has caused and will continue to cause him to suffer lost wages and/or diminished earnings capacity, among other things.

101.     Plaintiff also requests an award of punitive damages based on Defendants' misconduct or actual malice, or such recklessness or negligence so as to evidence a conscious disregard of Plaintiff's rights.

COUNT XI

Preliminary and Permanent Injunction
(Against District of Columbia, County of Will, and City of Joliet)

102.     The allegations contained in paragraphs 1–101 are hereby incorporated into Count XI as if fully set forth herein.

103.     The Court has jurisdiction to award affirmative preliminary and permanent injunctive relief to Plaintiff under *Wieck v. Sterenbuch*, 350 A.2d 385 (D.C. 1976) and/or its statutory, equitable, and/or other common law powers.

104.     There is a substantial likelihood Plaintiff will prevail on the merits because Defendants wrongfully arrested and papered criminal cases against Plaintiff.

105.     Plaintiff has suffered and is danger of continuing to suffer irreparable harm during the pendency of this action, as the 2005 Illinois warrant of which Plaintiff has been arrested remains outstanding and, upon information and belief, does not contain any identifiers beyond the actual suspect's name and date of birth, i.e., it fails to contain any identifiers that distinguish the actual suspect from Plaintiff, thereby making it foreseeable that Plaintiff may again be wrongfully arrested.

106.     More harm will result to Plaintiff from the denial of the injunction than will result to any Defendant from its grant.

107.     The public interest will not be disserved by the issuance of the requested order.

108.     Plaintiff hereby seeks a preliminary injunction to have the 2005 warrant quashed or, alternatively, amended to include additional identifiers that distinguish that actual suspect from Plaintiff; and to have the NCIC and/or LEADS systems amended to remove any reference to the 2005 warrant or updated to include the identifiers of the actual suspect that were contained in the 1996 warrant.

109.     Plaintiff also seeks an injunction requiring that the District expunge or seal all criminal records related to the arrests and criminal actions complained of herein.

COUNT XII
Declaratory Judgment
(Against District of Columbia, County of Will, and City of Joliet)

110.     The allegations contained in paragraphs 1–109 are hereby incorporated in Count XII as if fully set forth herein.

111.     Pursuant to Rule 57 of the Federal Rules of Civil Procedure and/or all other applicable authority, the Court has the power to issue a declaratory judgment relative to the status of the 2005 warrant through which Plaintiff has been wrongfully arrested on no less than three (3) occasions.

112.     Plaintiff hereby requests that the Court make a binding adjudication of right to the following effect:

a.      That the 2005 warrant for the actual suspect should be quashed or, alternatively, amended to include additional identifiers of the actual suspect to distinguish him from Plaintiff; and

      b.      That the NCIC and/or LEADS system should be updated to either remove any reference to the 2005 warrant or, alternatively, be amended to include additional identifiers of the actual suspect to distinguish him from Plaintiff.

      c.      That Plaintiff is entitled to have his records related to the arrests and criminal actions complained of herein expunged or sealed.

WHEREFORE, Plaintiff Jose T. Vasquez, by counsel, respectfully requests that this Honorable Court enter judgment in his favor, and against Defendants County of Will; City of Joliet; John Doe, individually and in his capacity as a LEADS operator and/or employee of the Will County Sheriff's Office and/or Joliet Police Department; District of Columbia, and Officers Terence Sutton, Cole, Jr., and Leroy Hollings of the District of Columbia Metropolitan Police Department, jointly and severally, in the following manner:

(a)      Compensatory damages in an amount of not less than $750,000 against Defendants for the above-listed federal and state claims;

(b)      Punitive damages in an amount of not less than $350,000 against Defendants for their misconduct and actual malice;

(c)      Plaintiff's attorney's fees and costs incurred during and in connection with this matter pursuant to 42 U.S.C. § 1988 and/or all other applicable state or federal law;

(d)      Preliminary and permanent injunction as described above;

(e)      A declaratory judgment as described above;

(f)      Pre- and post-judgment interest on the foregoing amount; and

(g)      Any and all other relief that this Court deems just and proper.

JOSE T. VASQUEZ


By: _/s/_____
                Of Counsel

Robert G. Rose, VSB# 81240
CHRISTIAN LEGAL AID OF DC
PO Box 70555
Washington, DC 20024
Phone: (202) 710-0592
Fax:     (202) 380-0486
Email: rob.rose@christianlegalaid-dc.org
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff requests a trial by jury on all claims made herein for which a jury is permissible.

_____/s/_____
Robert G. Rose