UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSE T. VASQUEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-cv-02194 (APM) |
| ) | |
| COUNTY OF WILL, ILLINOIS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I.     INTRODUCTION**

This case arises from the arrest and detention of Plaintiff Jose T. Vasquez by the District of Columbia Metropolitan Police Department based on mistaken identity. Authorities in Will County, Illinois erroneously entered Plaintiff's information into an arrest warrant database accessible nationwide. Based on this wrongful entry, the Metropolitan Police Department arrested and detained Plaintiff in October 2016, and detained him again in March 2017. Plaintiff filed suit alleging various tort claims under District of Columbia law and a claim under 42 U.S.C. § 1983.

Before the court is Defendant District of Columbia's motion seeking to dismiss all claims. After careful consideration of the arguments by both parties and the applicable legal standards, the court grants the District of Columbia's Motion to Dismiss.

**II.     BACKGROUND**

**A.     Facts Alleged in the Complaint**

Plaintiff's First Amended Complaint ("Complaint") alleges the following facts. In 1996, the Circuit Court in Will County, Illinois, issued an arrest warrant seeking the apprehension of a

"Jose Vasquez" for a murder that occurred in Will County in 1979. First Am. Compl., ECF. No. 28 [hereinafter Am. Compl.], ¶ 25. Plaintiff, whose name is also Jose Vasquez, was not the person wanted by Will County authorities. *Id.* ¶ 1. In 2016, Will County updated the warrant information in the national database for the suspect "Jose Vasquez," but erroneously inputted Plaintiff's physical descriptors and Social Security Number. *Id.* ¶ 38. The inaccurate warrant information was available to law enforcement nationwide through the National Crime Information Center database ("NCIC"). *Id.* ¶ 39.

Plaintiff first faced arrest on the erroneous warrant by District of Columbia authorities in the fall of 2016. On October 23, 2016, a Metropolitan Police Department ("MPD") officer stopped Plaintiff for a traffic violation. *Id.* ¶ 40. During the stop, the officer discovered the warrant for "Jose Vasquez" in NCIC, and an MPD dispatcher confirmed with Will County that it wanted Plaintiff for extradition. *Id*. The following day, an officer in the MPD Fugitive Unit prepared an affidavit in support of an arrest warrant, stating that he had verified that the warrant remained active and that Will County would extradite Plaintiff. *Id*. ¶ 41. Despite Plaintiff's continuous protests, *id*. ¶ 44, "the District of Columbia" commenced a fugitive criminal action, pursuant to which the Superior Court for the District of Columbia ("D.C. Superior Court") issued a warrant for Plaintiff's arrest and presentment, *id*. ¶ 43.

During a bond hearing on November 2, 2016, after Plaintiff had been detained for 10 days, a D.C. Superior Court judge asked an Assistant United States Attorney to obtain a photograph of the Illinois suspect to determine whether Plaintiff was being held based on mistaken identity. *Id*. ¶ 46. Within a day, the Assistant United States Attorney confirmed that Plaintiff was not the subject of the Will County warrant, and the D.C. Superior Court granted the prosecution's Motion

to Dismiss. *Id*. ¶¶ 47–49. After the court dismissed Plaintiff's case, neither Illinois nor District of Columbia authorities took any action to prevent a future wrongful arrest. *Id*. ¶¶ 51–52.

The erroneous arrest warrant would ensnare Plaintiff once more the following spring. On March 3, 2017, a United States Secret Service Officer stopped Plaintiff in the District of Columbia for a traffic violation and saw an outstanding warrant in NCIC. *Id*. ¶ 55. Like the MPD dispatcher in 2016, the Secret Service Joint Operations Center confirmed the warrant with Will County authorities, and the officer arrested Plaintiff. *Id*. Eventually, Plaintiff was taken to the Second District of MPD. *Id*. ¶ 57. Once there, an MPD officer again swore out a warrant affidavit based on the flawed NCIC information, and the "District of Columbia" for a second time commenced a fugitive proceeding in D.C. Superior Court. *Id*. ¶ 58.

The next day, March 4, 2017, Plaintiff appeared in D.C. Superior Court, whereupon his counsel informed the court about the proceedings in 2016. *Id*. ¶ 60. The "District of Columbia" then dismissed the charges. *Id*.

On March 14, 2017, Will County finally corrected the NCIC database, by deleting the 2016 NCIC entry and instructing that Plaintiff not be detained. *Id*. ¶ 63.

B. **Procedural History**

Plaintiff filed this action on October 23, 2017. *See* Compl., ECF No. 1. On April 23, 2018, Plaintiff amended his complaint. *See* Notice of Filing, ECF No. 28. Upon motion by Plaintiff, the court then severed and transferred all claims involving Illinois-based defendants to the Northern District of Illinois. *See* Order, ECF No. 30. That left only the District of Columbia as a defendant in this action.

The District of Columbia filed a Motion to Dismiss on May 7, 2018, arguing that the court should dismiss all counts against it—namely, Count IX (false arrest/imprisonment), Count X

(malicious prosecution), Count XI (negligence), and Count XII (42 U.S.C. § 1983),[1] all of which arise from Plaintiff's mistaken detention in March 2017—for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* Notice of Filing, ECF No. 32.

## III. LEGAL STANDARD

"A Rule 12(b)(6) motion tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). When reviewing a motion to dismiss, a court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 US 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The factual allegations need not be "detailed," but they must be more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (citing *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

"The court must construe the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Hettinga v. United States,* 677 F.3d 471, 476 (D.C. Cir. 2012) (citation and internal quotation marks omitted). "Factual allegations, although assumed to be true, must still be enough to raise a right to relief above the speculative level." *Id.* (citation and internal quotation marks omitted).

---

[1] In his Complaint, Plaintiff mislabeled the final count as "Count X." *See* Am. Compl. at 27. The court treats this as Count XII.

## IV. DISCUSSION

Plaintiff's Complaint contains a fundamental, judicially noticeable error that fatally infects all of his claims. Each of Plaintiff's claims rests on the premise that, following his October 2016 arrest and release, the District of Columbia "knew conclusively" that the 2016 NCIC entry was flawed, yet took no steps to protect him from a future mistaken arrest. Pl.'s Opp'n to Def.'s Mot., ECF No. 34 [hereinafter Pl.'s Opp'n], at 5 (citing Am. Comp. ¶ 47). The District of Columbia surely knew about the erroneous entry after October 2016, Plaintiff posits, because (1) "the District of Columbia commenced a fugitive criminal action" against Plaintiff, Am. Compl. ¶ 43; (2) "the District of Columbia filed a Motion to Dismiss the charges after prosecuting authorities in Illinois confirmed that Plaintiff was not the suspect," *id.* ¶ 48; and (3) "[t]he D.C. Superior Court granted the District of Columbia's motion" [to dismiss], *id.* ¶ 49. All of these allegations share the same flaw: the District of Columbia did *not* direct the October 2016 proceedings, as Plaintiff alleges, but rather the United States did.

Under District of Columbia law, except for certain minor crimes, the prosecution of criminal offenses is done in the name of the United States through the United States Attorney's Office for the District of Columbia. *See generally* D.C. Code § 23-101; *In re Crawley*, 978 A.2d 608, 608–09 (D.C. 2009). That power extends to extradition proceedings. For example, the District of Columbia Code provides that a D.C. Superior Court judge may release a fugitive to appear in the requesting jurisdiction only "if the United States attorney consents." D.C. Code § 23-702(f)(2).[2] The D.C. Code confers no authority on the District of Columbia to conduct fugitive proceedings.

---

[2] In certain instances, the Complaint unwittingly reflects this allocation of prosecutorial authority. Plaintiff alleges that, at the October 2016 bond hearing in D.C. Superior Court, his counsel alerted the court and the prosecution about the mistaken identification, and thereafter "*Assistant United States Attorney* Little contacted prosecuting authorities in Joliet, Illinois, who confirmed that Plaintiff Vasquez was not the Suspect named in the 2005 Warrant." Am. Compl.

The D.C. Superior Court docket from Plaintiff's 2016 case confirms that the United States, not the District of Columbia, prosecuted Plaintiff's extradition. *See Veg-Mix, Inc. v. Dep't of Agric.*, 832 F.2d 601, 607 (D.C. Cir. 1987) ("Courts may take judicial notice of official court records . . . ."). According to the Affidavit in Support of an Arrest Warrant, an MPD officer verified through NCIC that "the warrant is active and [the State of Illinois] will extradite," and then the officer "presented [the case] to the [United States Attorney's Office] for review on 10/24/2016." D.C. Super. Ct., 2016-FUG-017411, Affidavit in Support of an Arrest Warrant. Further, the case caption for the extradition matter reads "United States v. Jose Vasquez." D.C. Super. Ct., 2016-FUG-017411, Government's Motion to Dismiss. Finally, after discovering the warrant's error, the United States moved to dismiss the extradition proceedings, stating:

> The United States of America, appearing by and through its attorney, the United States Attorney for the District of Columbia, respectfully asks that this fugitive matter be dismissed. Prosecuting authorities in Joliet, Illinois confirmed that the defendant is not the wanted person and declined to extradite the defendant from Washington, DC.
>
> WHEREFORE, the United States respectfully asks that this fugitive matter be dismissed without prejudice.

*Id.* These public records make plain that the United States, not the District of Columbia, learned through the D.C. Superior Court proceedings in November 2016 that Plaintiff was not the Jose Vasquez wanted in Illinois. Nothing in those records suggests that MPD learned the same lesson.

Once stripped of the error that the District of Columbia prosecuted Plaintiff's extradition, the Complaint contains no fact that supports a plausible inference that MPD knew about the infirm warrant. Nowhere in the Complaint, for instance, is there an allegation that the United States

---

¶ 47 (emphasis added). Elsewhere, Plaintiff avers that "*Assistant United States Attorney* Little had provided Plaintiff Vasquez a letter addressed to law enforcement officers informing them that Plaintiff Vasquez was not the same Jose Vasquez wanted in Illinois for murder." Id. ¶ 62 (emphasis added).

Attorney's Office notified MPD of the outcome of Plaintiff's October 2016 extradition proceedings. To be sure, Plaintiff does plead, "upon information and belief, [that] the District of Columbia, [was] aware that the 2016 NCIC Entry erroneously contained Plaintiff Vasquez's social security number . . . ." Am. Compl. ¶ 52. But, placed in proper context, this "information and belief" pleading rests solely on the mistaken allegation that the District of Columbia had learned during the October 2016 extradition proceedings that Plaintiff was not the Jose Vasquez wanted for murder. *See id.* ¶ 48. The "information and belief" pleading therefore offers no cure for the Complaint's insufficiency.

Without any well-pleaded factual allegation supporting that the District of Columbia was aware of the erroneous NCIC entry, Plaintiff loses the premise for all claims. *See* Pl.'s Opp'n at 5, 7, 10, 12, 15, 18.[3] Absent knowledge, Plaintiff cannot make out plausible claims for unlawful arrest and malicious prosecution claims, as no factual assertion then supports the absence of probable cause to detain Plaintiff in March 2017. *Cf. United States v. Hewlett*, 395 F.3d 458, 462 (D.C. Cir. 2005) (finding arrest lawful when arresting officers reasonably believed warrant valid). Similarly, the claim that MPD was negligent for not protecting Plaintiff from a second erroneous arrest crumbles without an allegation that MPD knew that the first arrest was wrongful. *Cf. Beckwith v. Interstate Management Company, LLC*, 82 F. Supp. 3d 255, 258–62 (D.D.C. 2015) (explaining foreseeability as part of establishing duty to protect). Lastly, Plaintiff's claim under 42 U.S.C. § 1983 is not supportable unless policymakers knew about, or were on notice of, the defective warrant. *Cf. Warren v. District of Columbia*, 353 F.3d 36, 39 (D.C. Cir. 2004) (stating

---

[3] For instance, to argue Defendant did not have probable cause, Plaintiff states "Defendant was aware that this warrant was mistakenly issued by the time Plaintiff was arrested in 2017." Pl.'s Opp'n at 7; *see also id*. at 12 ("Defendant had already determined that Mr. Vasquez was not the fugitive wanted in Illinois."). Similarly, Plaintiff improperly bases his negligence claim on MPD having "affirmative knowledge" that the NCIC entry was improper, *id*. at 15, and he premises his 42 U.S.C. § 1983 claim on the argument that "Defendant knew, or should have known, about the risk of constitutional violations," *id*. at 18.

that a 42 U.S.C. § 1983 claim may prevail if defendant had "actual or constructive knowledge" and failed to act).

Undoubtedly, if Plaintiff's allegations are correct, what happened to him is truly regrettable. No person should have to face the trauma Plaintiff endured. Nonetheless, the court has been tasked with ruling specifically on the District of Columbia's liability. In that, it must dismiss Plaintiff's Complaint.

## V. CONCLUSION AND ORDER

For the foregoing reasons, Defendant's Motion to Dismiss is granted. Unless Plaintiff files an amended complaint within 14 days, the court will dismiss this action and enter a final, appealable order.[4]

Dated: November 14, 2018

Amit P. Mehta
United States District Judge

---

[4] Even if Plaintiff does re-plead to include facts supporting the District of Columbia's knowledge of the erroneous warrant, the legal hurdles to overcome a motion to dismiss remain substantial. The court, however, need not reach the merits of Defendant's arguments in light of the narrower ground for dismissal set forth in this decision.