**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **JOSE T. VASQUEZ,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 17-cv-2194 (APM)** |
| **DISTRICT OF COLUMBIA,** | ) | |
| **Defendant.** | ) | |

## JURY INSTRUCTIONS

Ladies and gentlemen, the time has now come when all of the evidence is in.  It is now up to me to instruct you on the law.  Before we talk about the specific claims alleged here and some of the specific issues in this case, I want to take a few moments to talk about some general rules of law.  Some of these will repeat what I told you in my preliminary instructions.

### Instructions to be Considered as a Whole

During your deliberations, you must consider these instructions as a whole. All of the instructions are important. You must not ignore or treat any single instruction or part of an instruction differently than the other instructions.

### Function of the Court

My function has been to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you.  You should consider all the instructions as a whole.  You may not ignore or refuse to follow any of them.

### Function of the Jury

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it has been my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism. You should not be improperly influenced by anyone's race, ethnic origin, or gender. Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

### Rulings on Objections

There may have been times during the trial when a lawyer made an objection to a question asked by another lawyer or to an answer given by a witness. It is the duty of a lawyer to make objections if the lawyer believes something improper is being done. When I sustained an objection to a question, the witness was not allowed to answer it. Similarly, when I overruled an objection to a question, it simply means that the law only permits the witness to answer the question. It is still up to you to decide how much weight, if any, the answer deserves.

While it may have been natural for you to become impatient with the delay caused by objections or other portions of the proceedings, you must not let your feelings in any way affect your deliberations. Those interruptions concerned legal matters, while your job is to decide the facts. You should not be influenced by any lawyer's objections, no matter how I ruled upon them.

## Equality of Litigants

Our system of justice requires that you decide the facts of this case in an impartial manner. You must not be influenced by bias, sympathy, prejudice, or public opinion.   It is a violation of your sworn duty to base your verdict upon anything other than the evidence in the case.

In reaching a just verdict, you must consider and decide this case as an action between persons of equal standing in the community and of equal worth.  The District of Columbia has the same right to a fair trial as a private individual.  All persons, including the District of Columbia, stand equal before the law and are to be treated as equals in this court.  In other words, the fact that a party is the District of Columbia must not affect your decision.

## Consideration of Evidence – Government Party's Agents and Employees

The District of Columbia can act only through individuals as its agents and employees. In general, if any agent or employee of the District of Columbia acts or makes statements while acting within the scope of his or her authority as an agent, or within the scope of his or her duties as an employee, then under the law those acts and statements are of the District of Columbia.

In this case, the parties admit that the acts of D.C. Metropolitan Police Department (MPD) officers, or their failures to act, were committed within the scope of their duties as employees of MPD.  Therefore, the District of Columbia is responsible for their acts or failures to act.

## Evidence in the Case

You may consider only the evidence admitted in the case.  The evidence consists of the sworn testimony of witnesses and exhibits admitted into evidence.

Statements and arguments of the lawyers are not evidence.  They are intended only to help you to understand the evidence.  Similarly, questions that the lawyers ask are not evidence.

If anyone describes the evidence you have heard differently from the way you remember it, it is your memory that should control during your deliberations.

You must rely on your own recollection of the testimony and on any notes you may have taken during the trial.  Although the court reporter has been transcribing the trial, a transcript will not be available for you to review during your deliberations.

### Direct and Circumstantial Evidence

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence.  When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence.  On the other hand, evidence of facts from which reasonable conclusions may be drawn is circumstantial evidence.

Let me give you an example.  Assume a person looked out a window and saw that snow was falling.  If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen.  Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up.  His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact.  The law does not favor one form of evidence over another.  It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial.  You are permitted to give equal weight to both.  In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

### Burden of Proof

The party who makes a claim has the burden of proving it.  This burden of proof means that the plaintiff must prove every element of her claim by a preponderance of the evidence.

To establish an element by a preponderance of the evidence, the party must show evidence that produces in your mind the belief that the thing in question is more likely true than not true. The party need not prove any element beyond a reasonable doubt, the standard of proof in criminal cases, or to an absolute or mathematical certainty.

If you believe that the evidence is evenly balanced on an issue the plaintiff had to prove, then your finding on that issue must be for the defendant.

In arriving at your verdict, you should consider only the evidence in this case.  That said, in determining whether a party has carried its burden of proof, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience and common sense.  You should not rely on speculation or guesswork.

You should consider all the evidence bearing on each claim, regardless of who produced it.  A party is entitled to benefit from all evidence that favors that party, whether that party or the adversary produced it.  You should not give more or less weight to evidence just because it happened to be produced by one side or the other.

### Inadmissible and Stricken Evidence

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper.  Objections are not evidence.  You must not hold such objections against the lawyer who made them or the party he or she represents.  It is the lawyers' responsibility to object to evidence that he or she believes is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, then you should ignore the question and you must not guess about what the answer would have been.  If, after a witness answered a question, I ruled that the answer should be stricken, then you should ignore both the question and the answer, and they should play no part in your deliberations.

Similarly, if I sustained an objection to an exhibit, then you should ignore the exhibit and it should play no part in your deliberations.

### Evidence Admitted for a Limited Purpose

Some evidence was admitted for a limited purpose only.  This evidence may be considered only for the limited purpose of determining what the witness understood at the time and for no other purpose.

For example, certain portions of Defense Exhibits 2 and 4 were admitted for a limited purpose.  Specifically, there are statements in Exhibits 2 and 4 describing what the U.S. Secret Service did in arresting Mr. Vasquez.  You should consider those statements not for their truth but only for the effect they had on Officer Rollins, who testified to having read those statements.

### Credibility of Witnesses

In deciding what the facts are, you must weigh the testimony of all the witnesses who have appeared before you.  You are the sole judges of the credibility of the witnesses.  In other words, you alone determine whether to believe any witness and to what extent any witness should be believed.  Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

You may consider anything that in your judgment affects the credibility of any witness. For example, you may consider the witness's age, demeanor, capacity to observe and recollect

facts, and any other facts and circumstances bearing on credibility.  You may consider whether the witness has any motive for not telling the truth, any interest in the outcome of this case, or any friendship or animosity toward other persons involved in this case.  You may consider the plausibility or implausibility of the testimony of a witness.  You may also consider whether the witness's testimony has been contradicted or supported by other evidence.

You must avoid bias, conscious or unconscious, based on the witness's race, color, religious beliefs, national origin, sexual orientation, gender identity, or gender in your determination of credibility.

### Interpreter

Plaintiff Jose Vasquez used the services of a Spanish interpreter in this trial.  The fact that Mr. Vasquez used the services of an interpreter should not influence you in any way.

### Number of Witnesses and Exhibits

The relative weight of the evidence on a particular issue is not determined by the number of witnesses testifying for either side or the number of exhibits on either side—it depends on the quality, and not the quantity, of the evidence.  It is up to you to decide whether to credit the testimony of a smaller number of witnesses or a small number of exhibits on one side or the testimony of a greater number of witnesses or a greater number of exhibits on the other side.

***

7

Ladies and gentlemen, I would now like to talk with you about the specific claims at issue in this case.

## Claim One:  False Imprisonment

Plaintiff Vasquez's first claim is for false imprisonment.  The essence of a claim of false imprisonment is an unlawful detention.  Therefore, the central issue as to this claim is whether Defendant District of Columbia, acting through the D.C. Metropolitan Police Department (MPD) and its officers, was justified in detaining Mr. Vasquez from the time he came into the custody of the MPD on March 3, 2017, to the time he was brought before a magistrate judge and released on March 4, 2017.

The essential elements of a claim of false imprisonment, each of which Mr. Vasquez must prove by a preponderance of the evidence, are:

First, MPD officers detained Mr. Vasquez against his will; and

Second, the detention was unlawful.

To prove the claim of false imprisonment, Mr. Vasquez is not required to prove that MPD intended to unlawfully detain him against his will.  In other words, Mr. Vasquez does not need to prove that there was a deliberate plan to unlawfully detain him.

With respect to the second element—that the detention was unlawful—false imprisonment can occur even if the confinement began lawfully but has become unlawful over time.  False imprisonment occurs when a defendant is under a duty to release the plaintiff but does not do so. If the defendant is under a duty to release a plaintiff from confinement, the defendant's refusal to do so with the intention of confining the plaintiff is a sufficient act of confinement to make the defendant liable for false imprisonment.

Whether MPD had a duty to release Mr. Vasquez depends upon the belief of its officers that Mr. Vasquez was the person named or otherwise described in the Will County warrant with

such sufficiency as to justify their belief that he was the person wanted by Will County. If officers of the MPD later learned that Mr. Vasquez was undoubtedly not the person wanted by the Will County warrant, MPD was required to release Mr. Vasquez unless he objected to his release.

**Claim Two: Malicious Prosecution**

Plaintiff Vasquez's second claim is for malicious prosecution. The issue in a malicious prosecution case is not whether there was probable cause for the initial arrest, but whether there was probable cause for the underlying prosecution. Therefore, the central issue as to this claim is whether Defendant District of Columbia, acting through Officer Rollins of MPD, lacked probable cause to present a fugitive from justice charge to the prosecutor on March 4, 2017.

The essential elements of a claim of malicious prosecution, each of which Mr. Vasquez must prove by a preponderance of the evidence, are:

First, Officer Rollins instituted a criminal proceeding against Mr. Vasquez. A fugitive from justice charge is a criminal proceeding for purposes of this claim;

Second, the criminal proceeding terminated in favor of Mr. Vasquez;

Third, Officer Rollins lacked probable cause to institute the criminal proceeding against Mr. Vasquez; and,

Fourth, Officer Rollins acted with malice.

As to the third element, probable cause exists where there is reason supported by facts and circumstances sufficient to support a belief that there is a substantial chance that a suspect has committed a crime—in this case, a fugitive from justice. In evaluating probable cause, keep in mind that it is not the ultimate outcome of the case, with the benefit of hindsight, that is determinative. Instead, you must decide (i) whether Officer Rollins honestly believed that he possessed probable cause to submit the charging documents to the prosecutor and (ii) whether that

9

honest belief—if you find it existed—was reasonable under the circumstances at the time. Moreover, once an officer has probable cause to believe that a person has committed an offense, the officer is not required to explore and eliminate theoretical plausible claim of innocence before initiating a prosecution.

As to the fourth element, malice can be established by the existence of wanton or reckless disregard for the rights of the plaintiff. Malice does not require the existence of an evil, wrongful, or improper motive.

For the purposes of this instruction, "wanton" means characterized by extreme recklessness and utter disregard for the rights of others. "Recklessness" is a state of mind in which a person does not care about the consequences of his or her actions. It requires a choice of a course of action. To "disregard" is to ignore or treat as unimportant.

## Damages – Jury to Award

If you find for Mr. Vasquez, then you must decide what amount of money will fairly and reasonably compensate him for the harm that you find was caused by Defendant District of Columbia in connection with his detention on March 3 and 4, 2017. When you hear the term damages in these instructions, that term refers to the amount of money you may decide to award the plaintiff.

## Extent of Damages - Cause

A plaintiff is entitled to compensation for any harm that the defendant's wrongful conduct caused. Conduct causes harm if it plays a substantial part in bringing about the harm. In addition, the harm must be either a direct result or a reasonably probable consequence of the conduct.

The District of Columbia is liable to pay damages only for the harm that its conduct caused Mr. Vasquez on March 3 and 4, 2017, and the ensuing days. If you find that the District of

10

Columbia's conduct caused only part of Mr. Vasquez's harm on March 3 and 4, 2017, and the ensuing days, then you should award compensation only for that part. You may not award Mr. Vasquez any damages from any harm that arose prior to the handling of his case by the MPD Fugitive Unit.

You have heard testimony that Mr. Vasquez was arrested and/or detained on dates before March 3 and 4, 2017, including in 2016 by the MPD, as a result of the Will County warrant. You shall not award any damages to Mr. Vasquez for those prior arrests and/or detentions and you may not award any damages to Mr. Vasquez for any permanent or long-term harm caused by those prior events. However, you may consider how his prior arrest and detention in 2016 by MPD affected Mr. Vasquez on March 3 and 4, 2017.

### Burden of Proof – Speculative Damages

Mr. Vasquez must prove that it is more likely than not that he is entitled to damages. The evidence must establish the amount of Plaintiff's damages with reasonable certainty. You may award Plaintiff only those damages that are based on a just and reasonable estimate based on relevant evidence. Reasonable certainty does not require exact or mathematically precise proof of damages, or that future damages are absolutely certain to occur. However, you may not award damages that are speculative, based on guesswork, or dependent upon merely remote possibilities not reasonably certain to occur.

### Recovery for Emotional Distress

Mr. Vasquez is seeking damages for emotional distress. If you find Defendant District of Columbia's conduct caused Mr. Vasquez emotional distress, then you may award damages for the emotional distress. Mr. Vasquez has the burden to prove the amount of damages that fairly compensates him. There is no exact standard or mathematical formula for deciding the

compensation to be awarded for this type of harm. Nor is the testimony of any witness required about the amount of compensation. To decide the amount that would fairly and reasonably compensate Mr. Vasquez for emotional distress, you should consider the facts of this case in the light of your own experience and common sense.

Elements to consider when deciding a damages award include: any mental pain and suffering, fear, inconvenience, nervousness, indignity, insult, humiliation, or embarrassment that Mr. Vasquez proves he suffered directly because of Defendant's conduct.

Before I excuse you to deliberate, I want to discuss a few final matters with you:

## Selection of Foreperson

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote full and fair consideration of that evidence.

## Cautionary Instruction on Communication and Research

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as emailing, texting, tweeting, or blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

## Communications Between Court and Jury During Jury's Deliberations

If it becomes necessary during your deliberations to communicate with me, you may send a note by deputy, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person—not the clerk or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 4–4 or 7–1, or in any other fashion—or whether the vote favors the plaintiff, the defendant, or where the jury is on any other issue in the case.

### Unanimity and Duty to Deliberate

The verdict must represent the considered judgment of each juror. In order to return a verdict, your verdict must be unanimous—that is, each juror must agree on the verdict. Each of you has a duty to consult with one another in an attempt to reach a unanimous verdict. You must decide the case for yourself but you should do so only after thoroughly discussing it with your fellow jurors. You should not hesitate to change an opinion when convinced that it is wrong. You should not be influenced to vote in any way on any question just because another juror favors a particular decision or holds an opinion different from your own. You should reach an agreement only if you can do so in good conscience. In other words, you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of other jurors' opinions.

### Beginning of Deliberations

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the

case at the beginning of deliberations is often a more useful way to proceed.  Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

## Exhibits During Deliberations

I will be sending into the jury room with you the exhibits that have been admitted into evidence.  You may examine any or all of them as you consider your verdict.  Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

## Furnishing the Jury with a Copy of the Instructions

I will provide you with a copy of my instructions.  During your deliberations, you may, if you want, refer to these instructions.  While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others.  If you have any questions about the instructions, you should feel free to send me a note.  Please return your instructions to me when your verdict is rendered.

## Verdict Form Explanation

You will be provided with a Verdict Form for use when you have concluded your deliberations.  The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be.  Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the plaintiff must prove by a preponderance of the evidence.  The form is meant only to assist you in recording your verdict.

15

**Delivering the Verdict**

When you have reached your verdict, send me a note—signed by the foreperson—telling me that you have reached your verdict.  Do not tell me what your verdict is.  The foreperson should fill out and sign the verdict form that will be provided.  We will then call you into the courtroom and ask you your verdict in open court.

Thank you.  You may now retire to begin your deliberations.